under the Criminal Justice Act and we appreciate your willingness to accept the appointment. Thank you, Your Honor. Good morning, and may it please the Court, Atticus de Prospero for the Appellant, Mr. Ellingburg. Mr. Ellingburg respectfully asks this Court to reverse the District Court's order. The Government has invoked the Mandatory Victims Restitution Act, or the MVRA, to continue to pursue Mr. Ellingburg for restitution with interest. Applying the MVRA's enlarged liability period and mandatory interest provisions retroactively to Mr. Ellingburg's restitution order is a violation of the Ex Post Facto Clause. Because his restitution order... Can I interrupt you for just one second? Ms. Grupe, would you start the timer, please? Thank you. You may proceed. Because... Sorry. No worries, Your Honor. Because Mr. Ellingburg's restitution order was entered pursuant to the Victims Witness Protection Act, or the VWPA, the proper analysis to determine whether an ex post facto violation has occurred is if a penal law is retroactively applied and it disadvantages the affected offender by increasing the punishments for his crime. It is undisputed that the MVRA has been applied retroactively to Mr. Ellingburg. Second, the MVRA is a penal statute, and there is ample evidence in the text and structure of the MVRA that supports Congress intended a criminal punishment. What about our Carruthan Thunderhead cases? Don't they suggest that it's a civil, equitable remedy? So, Your Honor, in Carruthan Thunderhawk, yes, they found that restitution was a civil remedy, but that was in the Sixth Amendment Apprendi and Align context. And the Supreme Court in Pew noted that the Sixth Amendment Apprendi Align context is analytically distinct from the ex post facto clause context. And this Court's decisions in Williams and Dugan recognize that restitution is a punishment under the VWPA and MVRA. And this Court recently in Rodriguez in 2019, as well as in 2022, made light of the fact that the Supreme Court in Paroline distinguished criminal restitution from civil restitution. And so the decisions in Thunderhawk and Carruth failed to mention the intervening Supreme Court precedent that recognized the very distinct differences between criminal restitution and civil restitution. And so this Court need not disturb its precedent under Carruth and Thunderhawk and can reaffirm its prior decisions in Williams and Dugan. But doesn't Thunderhawk also talk about the Sixth Amendment and reject your argument? Thunderhawk, which comes in 2015, basically reaffirms what this Court decided in Carruth. But what it doesn't do is it doesn't recognize the intervening Supreme Court precedent in Paroline that makes a clear distinction between civil restitution and criminal restitution. Pew is also a Supreme Court decision, and that's the decision where it points out that there's distinct analytical differences in the Sixth Amendment. So what are those distinct analytical differences such that it matters what constitutional provision this argument comes up in? Sure, Your Honor. So in the Pew decision, which was the Supreme Court decision that highlighted there's distinctions between the Sixth Amendment and in the ex post facto clause context, it noted that in the Sixth Amendment context, it was concerned with whether a finding of fact by a jury was required to make a defendant eligible for a more severe penalty. Whereas in the ex post facto clause context, it's focused on whether a change in law creates a significant risk that there's an increase in punishment and whether or not a defendant is on fair notice. So that's the differences analytically. And then second, what's analytically different is the Apprendi and Align line of cases dealing in the Sixth Amendment context are about statutory maximums and mandatory minimums, which do not apply to restitution. And the Supreme Court in Ursery has made clear that a penalty can be a punishment in one constitutional context, but not another. For example, in the Ursery decision, the Supreme Court noted that in the excessive fine clause context, a civil asset forfeiture could be a punishment. But a civil asset forfeiture for purposes of the double jeopardy clause was not a punishment. And if you take that kind of analogy to the Sixth Amendment context, as well as the ex post facto clause context, in light of the Pew decision from the Supreme Court, this court need not disturb its prior holdings in the Apprendi Sixth Amendment context, which is Caruth and Thunderhawk, as Your Honor pointed out, but can still reaffirm its prior decisions in Williams and in Dugan in finding that restitution is a punishment in the ex post facto clause context under the BWPA and the MBRA. Let's assume that it is, if we say that restitution is a penalty for purposes of ex post facto. Here we're talking about an extension of the period of liability, sort of extending it another 20 years. Is that different? In other words, is doing that bit of the statute, does that increase the penalty? Because even if you acknowledge it's a penalty, did that increase it? Your Honor, that gets to the second part of the ex post facto analysis. Mr. Ellingsburg's position is that enlarging a defendant's liability period under the MBRA increases his punishment in three practical ways. It increases the maximum amount of a restitution that a defendant could be ordered to pay. It increases the duration of a defendant's liability period, which would result in a defendant having to pay more of the actual amount of restitution he was ordered to pay. It increases his exposure to punitive collateral consequences. We would put those three together and I'll take them in turn. In terms of increasing the maximum amount of the restitution a defendant could be ordered to pay, under the VWPA, the maximum amount of restitution was the principle, plus 20 years of interest at most. Under the MBRA, it was the principle, plus 20 years of interest at least, plus interest for each additional day that a defendant is incarcerated beyond the date of entry of judgment. If you take Mr. Ellingsburg's case, Mr. Ellingsburg, which we allege was sentenced, his restitution order was entered pursuant to the VWPA, he only had to make payments for 20 years and that was the most that he had to pay and then his restitution amount became zero. That's why in 2016 we allege that his restitution amount was zero. If, as the government alleges, his restitution order is subject to the enlarged liability period, he would now have to pay interest for another 26 years, which is about the approximate time he was incarcerated. But why are those consequences any more severe than actual potential criminal liability that we have said? As long as the statute of limitations is extended within the original limitations period, that's fine. Go ahead. No, I apologize, Ryan. No, I was going to say, if you say, OK, after five years I don't face any further liability, fines, prison time, anything, but now I have it extended for five years, that's at least as severe as what you're talking about here. Sure, Your Honor, and I think what's important is when you're looking, and this is what the district court did wrong below, is a statute of limitations is not similar to enlarging a defendant's liability period under the MVRA because the test is whether or not the increase in punishment, which you measure based on the practical effects and consequences that you have on the law, and a statute of limitation is different in effect and purpose than enlarging the MVRA's liability period. First, the MVRA's enlarged liability period, and I see I'm about to be out of time, so if I could finish my answer. So first, the MVRA does not merely change the period establishing the defendant's liability or the government's ability to enforce that lien, but it increases the substantive underlying punishment. Second, the statute of limitations is a procedural bar to prosecutions or civil remedies, but it does not extinguish the plaintiff's underlying rights or the crime itself, and that's why a statute of limitations is an affirmative defense that can be waived, whereas the effect of the MVRA is expressly to extinguish a defendant's liability period once it has run. And third and lastly, the purpose of the statute of limitations is to ensure that a case is brought while the evidence is right, whereas under the MVRA and the VWPA, the purpose is to place a temporal limit on a defendant's liability with which to pay restitution. Thank you, Your Honors. Morning, Your Honors. May it please the Court. John Constance on behalf of the United States. Congress enacted mandatory criminal restitution for one primary purpose, to benefit victims. It saves them the unnecessary time, effort, expense, and often trauma from having to try and collect their losses in a separate civil proceeding. Thus restitution is functionally a classic civil remedy administered for the convenience of the courts through the criminal judgments. It is not inherently a penalty for the crime. And because MVRA restitution is not punishment, retroactively applying the MVRA's extended limitations period for collections is not punishment and does not violate, therefore does not violate the ex post facto clause. I'd like to jump straight to the Pew decision. That was a focal point of Mr. Ellingberg's opening argument. That case, he is misapplying the law respectfully. The Pew decision had to do with whether or not the ex post facto clause applies to the sentencing guidelines. The sentencing guidelines are obviously penal. There's no doubt about that. What Pew considered was the second step, is whether or not applying change to the guidelines increases the punishment. And the government is not contending that the analysis of whether or not a punishment is increased under the Sixth Amendment is analytically distinct from whether or not a punishment is increased under the ex post facto clause. Certainly. The concern, though, is at the first step. Is it a punishment? So could the district court have added restitution on Mr. Ellingberg's sentence under the MVRA? I believe the government's position is that he was sentenced pursuant to the MVRA because the MVRA went into effect on April 24th, 1996 for all sentencings occurring after that date. And actually to that point, if you're talking about the reading of the statute, that suggests congressional intent that it was not a punishment. Okay. So you're saying that it's always been the mandatory victim? As required by law. Yes. Because he was sentenced after April 24th, 1996. And thus the district court was required by law to apply the MVRA. Let's say that's not right, just for purposes of this question. And you're saying that restitution is not a penalty or a punishment. If the MVRA did not apply at the first round and then it gets passed, could the district court add on additional restitution? Oh, look, the bank actually was out another $5,000 more. I think you'd have a question of whether or not the court could amend its judgment. No, as a matter of ex post facto. Would that be permitted under other rules of criminal procedure or law to amend the judgment? And if the amount that had already been established through the facts leading up to sentencing had established the amount that was owed to that victim, then I suppose... Yeah, assuming it's factually supported. Yeah, he got $7,000 then and now they want to add $5,000 now that he got out of prison. You're saying that's not an increased punishment? I'm struggling to find a situation where that would apply and that's not the facts here. And I'm not sort of looking for a place it'll apply. What I'm trying to get at is this difference between the idea that is the restitution part of the penalty versus, to Judge Malloy's questions, about extending the liability for it. To me, they feel different. And so I'm trying to get your view on whether it matters because you think that you could add $5,000 on because it's simply not a penalty or whether no, really what I'm getting at is that this extension of the liability period is not an increase in the penalty. That's where I'm trying to get on the question. It's kind of a nutty question. I understand that. But that's what I'm trying to get at. I think you could analogize it to other scenarios in which case the court is permitted to correct its restitution in the case of a mistake and there's nothing preventing them if they come back and realize that, oh wait, our calculations were wrong and this victim was actually owed an additional $2,000. Permitted to do that. It's also perhaps analogous to cases such as U.S. v. Winston where this court held that the court, specifically the Western District of Missouri, could impose an additional condition of supervised release, a search condition. The court said the ability to enter a defendant's home is not a punishment and thus I may add that on as a condition of supervised release even after they're released from their incarceration. So I think there are analogies to make under that and because restitution is not fundamentally a punishment and if the facts support it and increase the restitution, then yes, it would not be violating the expo standard. What about Williams, which didn't get at this issue of extending the period of liability from 20 years to 20 plus? And the court said, no, the ex post facto clause applies here as to whether or not there's mandatory restitution. Now again, that doesn't address the issue of the liability period, but don't you have a little bit of trouble getting over that, at least for the first part of your argument? Two points to that, Your Honor. One, the statement in Williams was unquestionably dicta. I don't know if unquestionably. Well, the court had already found that the ex post facto clause did not apply because it was not being applied retroactively. Thus, there was therefore no need to go beyond that and say that it is a punishment. Well, let's say it's not dicta because I think there's some argument there. I appreciate your argument. Let's say it's not dicta. Well, I think as we've argued in our brief, the Williams analysis stands in conflict with its prior decision, this court's prior decision in Crawford, and is a misanalysis of the word penalty. It focused on the word penalty and said because restitution is defined in the MVRA as a penalty, it must therefore be criminal, which is in conflict to prior Supreme Court decisions, which said civil can be a penalty, criminal can be a penalty. You don't look at how it's labeled. You look at whether or not it is punishment. And there's no analysis of how merely because restitution is defined as a penalty under the MVRA, it therefore somehow becomes punishment. What about Parleen, I'm not sure if I'm pronouncing, Parleen, P-A-R-O-L-E-N-E, Supreme Court case. There they certainly seemed to at least imply, and in some points even almost state, that restitution is a criminal penalty. I think in the Parleen case, the court did recognize that it is a compensatory mechanism as well, but it has a punitive effect. They're all over the place. Right. So you can pick whatever language you want out of that case, but obviously the other side is going to pick the language that says it's a criminal penalty. And I don't think the analysis, for one they weren't analyzing the statutory language of the MVRA. They didn't get into any detailed discussion about what is punishment and what is not as punishment. I don't think that is as clear of a statement from the Supreme Court as Mr. Ellingberg would hold that MVRA is punishment. It may have punitive aspects to it, but as we note in our case, it's merely one factor among many that you consider. And the Hudson actually had previously overruled or abrogated prior Supreme Court precedent in the Halper decision, which essentially was sort of the one bad apple. If it's punishment at all, if there's any deterrent or retributive effect, it therefore infects the entire thing and becomes punishment. And the Hudson case said no, that's not the right analysis. Specifically for expert facto and Sixth Amendment. And you must consider all the factors and determine whether or not a law that is either obviously civil or if it's ambiguous, whether or not the penal aspects are such that they then dictate what it should be. And that analysis was not applied in Paroline either. I'd like to end with a discussion of the second point of this argument of whether or not even assuming that restitution is punishment, is this an increase in the punishment? And I think it is an affront to victims. It is an affront to the criminal justice system to argue that Mr. Ellingberg's punishment has been increased merely because he may actually have to pay it off. That's not increased punishment. His punishment has always been the same. His punishment has been for one half the amount he stole from the bank. And actually he could have been punished more. He was only punished one half. He could have been punished jointly with his co-defendant because they sold twice as much as what his restitution is. He has failed to pay that off in the 20 plus years since he has been released. And it is not an increase to his punishment in any way to require him to eventually pay it off and allow the government to continue to try and collect against him. And as for the collateral consequences argument, he has yet to make any argument that actually he is being impacted. It is unclear if he is making a facial challenge or an as-applied challenge. He appears to be making a facial challenge based on a variety of other state laws that may impact him. But the state laws of other state sovereigns cannot facially overrule... Is he still on supervised release? Correct. Is that a condition of a supervised release that he pay restitution? Yes. Which was permitted under the VWPA as well. Right. But if he violates, he also has consequences for violation. Yes. But as this court has held, the violation of supervised release is a breach of the court's trust. It is not a punishment for his prior conduct. It is a punishment for him failing to pay going forward as he is required to do. And there has been no argument that he has been unable to pay the $100 a month in that. So any failure to do that is a prospective violation versus any increase of his prior penalty. Thank you. Thank you, Mr. Constance. Rebuttal? Thank you, Your Honors. Just a few points in rebuttal. First, you don't just have to take my word for it. Ten of this court's sister circuits have found that restitution is punitive. Specifically, five of this court's sister circuits have found that restitution is a punishment under the MVRA for ex post facto clause purposes. And this court, even if you were to find that Williams might be dicta, which we say it's not, this court's decision in Dugan determined that restitution under the MVRA was a punishment for ex post facto clause purposes. And the court at step one, when you're doing the Hudson test, you have to look at when the legislature intended, and that is creating a penalizing mechanism, whether it had a preference for a criminal or a civil label. And it's very clear from the text and structure of the MVRA that it meant to provide the appropriate amount of punishment to the criminal defendant. To the point about the MVRA, it's only applicable to the extent constitutionally permissible when it was enacted. And so applying the MVRA's enlarged liability provisions would be an ex post facto violation. And that's why the original sentencing court entered his restitution order pursuant to the VWPA. And lastly, his punishment is not the same under the VWPA versus the MVRA. And so we would ask this court to reverse the district court's judgment because Mr. Ellingberg's restitution amount has been zero since his liability period expired on November of 2016. Thank you, your honors. Thank you. Court appreciates both arguments. Case is now submitted and we'll issue an opinion in due course. Thank you.